79262-2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CIVIL ACTION CASE NO.:

In the Receivership of:

HUNTER HOSPITALITY LLC, a Wyoming
Limited Liability Company.
_____

RALPH AND MARY LYNN DORSTEN, et al,

    Plaintiffs,

vs.

SLF SERIES G, LLC, et al,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant Bo Brower, by and through his undersigned counsel, hereby files and serves this Notice of Removal of the above-described action to the United States District Court for the Southern District of Florida from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida where the action is now pending and states:

### REMOVAL IS TIMELY.

This cause was commenced in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida on October 7, 2014 identified by Case No. CACE 14019625, which has been consolidated with Case No. CACE 13018807 that had been initiated on August 13, 2013. Process was served on the Defendant Bo Brower on May 11, 2015. A copy of the Plaintiffs' proposed class action complaint (titled First Amended Complaint Class Representation) setting forth the claim for relief upon which the action is based was first received by the Defendant Bo Brower

Civil Action Case No.

on May 11, 2015 and is attached hereto as Exhibit "1". The removing Defendant Bo Brower had not been named as a party in any prior filings in this Court. And "a class action removable under CAFA 'may be removed by any defendant without the consent of all defendants."' *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1196 (11th Cir. 2007) (*quoting* 28 U.S.C. § 1453(b)).

The Amount in Controversy Exceeds $5,000,000.00.

The Plaintiffs are seeking in excess of $22 million in damages — not including the demand for treble damages — in the fourteen count complaint. This civil action seeks equitable and monetary relief for the following claims: (1) non-payment on mortgage notes (Count I); (2) declaratory judgment that lis pendens in invalid (Count II), (3) vacation of the judgment obtained by fraud and damages for business fraud (Count III), (4) foreclosure of mortgages or constructive trust on proceeds of sale (Count IV), declaratory judgment regarding sale and disposition proceeds (Count V), class representation (Count VI), non-payment on the secured notes (Count VII), fraud related to the sale of original secured notes Count VIII), class representation (Count IX), rescission of sale based upon the alleged fraudulent conveyance (Count X), declaratory judgment or equitable lien on sale proceeds and damages (Count XI), fraudulent conveyances (Count XII), violation of State and Federal Securities Laws (Count XIII), and joinder of the receiver (Count XIV).

Minimal Diversity Exists Under CAFA.

The United States District Court for the Southern District of Florida has jurisdiction by reason of the diversity of citizenship of the parties under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1332; 1446; 1453. Under CAFA, section 1332(d)(2) now vests original minimal diversity jurisdiction in the federal courts over interstate class actions (1) with 100 or more plaintiffs, (2) when the amount in controversy exceeds $5 million, and (3), at least, one plaintiff and one defendant are citizens of different states. *See Lowery*, 483 F.3d at 1203; 28 U.S.C. § 1332(d)(2). CAFA

CIVIL ACTION CASE NO.

does include discretion for the trial judge to decline jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." *See* 28 U.S.C. § 1332(d)(3). If this latter condition exists the court may decline jurisdiction by considering:

> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3)(A-F) (emphasis). These considerations are cumulative and are to be considered only if the (d)(3) local controversy exception is met.

The Eleventh Circuit has held "that once the removing defendants prove the amount in controversy and the existence of minimal diversity, the burden shifts to the plaintiffs to prove that the local controversy exception to federal jurisdiction should apply." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679-80 (7th Cir. 2006) (*citing Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006)). As will be shown herein the amount in controversy and the existence of minimal diversity exists and the Plaintiffs will be unable to ever satisfy the (d)(3) "local controversy exception."

The matter in dispute exceeds $5 million ($5,000,000.00), exclusive of interest and costs. *See* First Amended Class Action Complaint [Ex. 1] ¶¶ 5, 8-9, 200, *and* 238. At the time of the commencement of this action in state court, and since that time, the Plaintiffs have been citizens of

CIVIL ACTION CASE NO.

the states of Wyoming, Georgia, Texas, California, Washington, Florida, Colorado, Illinois, and Alaska. Additionally, the Plaintiffs have pleaded that the class consists of "approximately 170 parties" whom "are sufficiently difficult to locate, and the number is sufficiently numerous, that separate joinder of each class member is impracticable." *See* First Amended Class Action Complaint [Ex. 1] ¶¶ 205-6. Finally, the Defendant Bo Brower, an individual person, is a citizen of the State of Utah. *See* Brower Declaration attached hereto as Exhibit "2". Based upon the foregoing CAFA's minimal diversity jurisdiction requirement is satisfied. *See* 28 U.S.C. § 1332(d).

THE LOCAL CONTROVERSY EXCEPTION IS INAPPLICABLE.

The question with regard to removal then becomes whether the Plaintiffs will be able, "[t]o avail themselves of the local controversy exception." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006). To do so, "the [P]laintiffs must prove that greater than two-thirds of the proposed class members are [Florida] citizens" and that "the primary defendants are citizens of the State in which the action was originally filed" based on the six (6) aforementioned considerations. *See Evans*, 449 F.3d at 1165; 28 U.S.C. § 1332(d)(3)(A)-(F). Note that, "[t]he Eleventh Circuit has indicated that 'Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'" *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1317 (M.D. Fla. 2008) (*quoting Evans*, 449 F.3d at 1163 (quoting S. Rep. 109-14 at 42)).

A chart identifying the citizenship of the forty-one (41) specifically named Plaintiffs and twenty (20) Defendants is attached hereto as Exhibit "3." That chart shows that only 9.756% of the named Plaintiffs are citizens of the State of Florida (4 Florida plaintiffs ÷ 41 total named plaintiffs) as opposed to the 66.67% (2/3) required. *See* First Amended Class Action Complaint [Ex. 1] ¶¶ 50-87. Moreover, only 1.43% of the 180 members of the proposed class of Plaintiffs are citizens of the

4

Civil Action Case No.

State of Florida (4 Florida plaintiffs ÷ 180 putative class members). *See* First Amended Class Action Complaint [Ex. 1] ¶ 205.

The Home State Exception[1] is Also Inapplicable.

Under "the 'home state' exception, [...] the Court may decline to exercise jurisdiction 'in the interests of justice and looking at the totality of the circumstances.'" *Cooper*, 586 F. Supp. 2d at 1318 (citing 28 U.S.C. 1332(d)(3). Yet, "the Court does not have the discretion to examine these factors" when "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the action was originally filed" which is not the case here. *Id.* Even when applying the six factors, accepting jurisdiction is warranted here because, effectively, none of the six (6) factors which are cumulative and warrant declining jurisdiction are satisfied.

This is so, because "the claims asserted involve matters of [...] interstate interest" because twelve (12) different states are identified as places of the parties' citizenship. *Compare* Ex. 3 with 28 U.S.C. § 1332(d)(3)(A). Additionally, "the claims asserted will be governed by laws of the State [of Florida, Utah, and the United States]" because the exhibits attached to the Amended Complaint dictate that the law to be applied will be Florida (*See* Am. Compl., Ex. F, p. 13; Ex. G, p. 12; Ex. H, p. 13), Utah (*See* Am. Compl., Ex. E, p. 24) and the Plaintiffs pleaded violations of Federal Securities Laws (*See* Am. Compl. ¶¶ 260-7). *See* 28 U.S.C. § 1332(d)(3)(B). Arguably the Plaintiffs complaint is also "pleaded in a manner that seeks to avoid Federal jurisdiction" because nominal Florida defendants, the Receiver and the title insurance company, are named. *Id.* at (C). The Florida forum

---

[1] *Gavron v. Weather Shield Mfg., Inc.*, 10-22088-CIV-HUCK, 2010 WL 3835115, at *1 (S.D. Fla. 2010) ("Some courts have characterized § 1332(d)(4)(A) as the "local controversy exception" and 28 U.S.C. § 1332(d)(4)(B) as the "home-state exception." [...] However, the Eleventh Circuit has labeled both as the "local controversy exception.") (internal citations omitted).

CIVIL ACTION CASE NO.

bears no real distinct nexus "with the class members, the alleged harm, or the defendants" because neither majority of the Plaintiffs nor Defendants are citizens of Florida and the alleged harm is economic not injury to person or property. *Id.* at (D). As explained previously and is evident from the chart, the number of Florida citizens is substantially less "than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States." *Id.* at (E). Finally, there is another class action filed May 6, 2015 in the United States District Court for District of Utah identified by Case No. 2:15-cv-00153-PMW involving the essentially the same parties and "the same or similar claims on behalf of the same or other persons." *Id.* at (F). Consequently, this Court should accept jurisdiction under CAFA.

PLAINTIFFS SEEK REDRESS FOR UNSPECIFIED FEDERAL SECURITIES LAWS.

Moreover, Plaintiffs are seeking to recover statutory remedies pursuant to unspecified federal securities laws for which this court would also have original jurisdiction over. *See* First Amended Class Action Complaint [Ex. 1], ¶¶ 260-67.

ALL MATERIALS SERVED UPON BO HAVE BEEN FILED.

A copy of all process, pleadings, and orders served upon Defendant Bo Brower is filed with this notice [Ex. 1 and Exhibit "4"]. Further, Defendant Bo Brower will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d). Additionally, a copy of this notice will be filed with the clerk of the 17th Judicial Circuit in and for Broward County, Florida as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Bo Brower requests that this action proceed in this Court as an action properly removed to it in accordance with Sections 1446 and 1332 of the United States Code.

CIVIL ACTION CASE NO.

Respectfully submitted on this 11th day of June, 2015.

      /s Jordan S. Cohen
Wicker, Smith, O'Hara, McCoy & Ford, P.A.
Jordan S. Cohen, Esquire
Florida Bar No. 551872
Brandon J. Hechtman, Esquire
Florida Bar No. 88652

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on June 11, 2015, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

      /s Jordan S. Cohen
Jordan S. Cohen, Esquire

SERVICE LIST

John M. Mullin, Esquire
Tripp Scott, PA
110 S.E. 6th Street
15th Floor
Fort Lauderdale, FL  33301

Ernest Jay Myers, Esquire
Marcus & Myers, P.A.
1515 Park Center Dr., Suite 2G
Orlando, FL  32835

David A. Greene, Esquire
Fox Rothschild LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL  33401