UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61235-BLOOM/Valle

In the Receivership of:

HUNTER HOSPITALITY LLC, a Wyoming
Limited Liability Company.

_____/

RALPH AND MARY LYNN DORSTEN, *et al.*,

    Plaintiffs,

v.

SLF SERIES G, LLC, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs Ralph and Mary Dorsten, Steven J. Schwartz, MD, Larry McCown, Richard E. Ward IRA, Dr. Dennis Disantis IRA, Dianne H. Wood, Simon Singer, and John and Jane Does 1-50's (collectively, "Plaintiffs") Motion for Entry and Certification of Final Judgment, ECF No. [84]. For the reasons stated below, the Motion is denied.

Plaintiff seeks an entry of final judgment against Plaintiffs in favor of Columbia Pacific Income Fund I, L.P. ("Columbia") on Counts IV, V, and IX of the First Amended Complaint, certification that the judgment is final and immediately appealable pursuant to Fed. R. Civ. P. 54(b), and clarification that Plaintiffs did not plead and therefore did not bring their potential causes of action against Columbia for fraudulent transfers in this Court. On March 10, 2016, the Eleventh Circuit dismissed Plaintiffs' appeal, stating that it lacked jurisdiction "to review the

dismissal of the claims against Columbia because the district court did not dispose of all the claims against all the parties and did not certify the order for immediate review under [Rule] 54(b)." ECF No. [77]. Nearly three months following dismissal of the appeal, Plaintiffs renewed their motion for leave to file a second amended complaint against Columbia, ECF No. [78], which the Court denied, finding Plaintiffs had failed to demonstrate any of the circumstances warranting relief from a judgment pursuant to Rule 60(b). *See* ECF No. [83].

In determining whether to grant Rule 54(b) certification, "[a] district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460, 1464, 64 L. Ed. 2d 1 (1980). "Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Id.* at 8. This inquiry requires the Court to "balance judicial administrative interests and relevant equitable concerns." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997). "Consideration of the former factor is necessary to ensure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals. . . . The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Id.* (citations omitted).

"The purpose of Rule 54(b) is to codify the historic practice of 'prohibit[ing] piecemeal disposition of litigation and permitting appeals only from final judgments' except in the 'infrequent harsh case' in which the district court properly makes the determinations contemplated by the rule." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995) (quoting Fed. R. Civ. P. 54(b) advisory committee's note to 1946 amendment). "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing

needs of the litigants for an early and separate judgment as to some claims or parties.'" *Ebrahimi*, 114 F.3d at 166 (quoting *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.)). District courts are therefore counseled "to exercise the limited discretion afforded by Rule 54(b) conservatively." *Id.*; *see also Curtiss-Wright*, 446 U.S. at 8 ("The function of the district court under the Rule is to act as a 'dispatcher.' . . . It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'") (internal citations omitted).

Plaintiffs argue that there is no just reason for any further delay in seeking a review of the decision based on the validity of Plaintiffs' mortgages or the efficacy of the *lis pendens*. Specifically, Plaintiffs aver that even after all issues are resolved in Utah, there will still be two appeals—one to the Tenth Circuit and one to the Eleventh Circuit—and because the appeal to the Eleventh Circuit is inevitable, there is no reason to further delay that appeal. However, as the Court recognized in denying Plaintiffs' renewed motion to amend, Plaintiff has amended its complaint in the case pending in Utah to name Columbia as a defendant. *See* Ex. A, April 22, 2016 Second Amended Complaint in District of Utah, Central Division, ECF No. [85-1] (naming Columbia Pacific Income Fund I, L.P. as one of the "Competing Interest Defendants"); *id.* ¶ 213 (seeking declaratory judgment against defendants, including Columbia as a "Competing Interest Defendant" that Plaintiffs' claims or beneficial ownership are superior and prior to the claims of all defendants).[1] In light of the action in Utah naming Columbia as a defendant, the Court finds

---

[1] Plaintiffs state in their reply brief that the instant action by Plaintiffs, as Class I Plaintiffs, against Columbia on the claims arising out of the mortgages is wholly separate and distinct from any claims being pursued in Utah by the Class II Plaintiffs against Columbia arising out of the allegedly fraudulent transfers. *See* Reply, ECF No. [86] at 4; *see also* Declaration of Joseph C. Finley, ECF No. [86-1] ¶ 4(c) ("The only claims in Utah related to Columbia Pacific are the fraudulent transfer claims of the Class II Plaintiffs."). However, it is not readily apparent that the declaratory relief sought against Columbia as a

that Rule 54(b) certification for an immediate appeal presents a possibility of conflicting rulings on similar issues of law or fact as well as a potential waste of judicial resources.

Plaintiffs also argue that there is a danger of hardship or injustice through delay that can only be cured by immediate appeal because Columbia is still in possession of the proceeds from the sale of the subject property. Plaintiffs contend that the longer Plaintiffs wait to pursue their appeal, the greater the danger that if their claims are ultimately allowed to proceed, there will be no sale proceeds remaining upon which to collect, lien, or impose a constructive trust. Plaintiffs, however, have raised this argument only in general terms, without providing any basis upon which they assert an urgent fear of dwindling sale proceeds—to which Plaintiffs have not established any right to recover. Indeed, Plaintiffs did not file the instant motion seeking Rule 54(b) certification until August 11, 2016—five months after the Eleventh Circuit's March 10, 2016 dismissal of their appeal. *See Larach v. Standard Chartered Bank Int'l*, No. 09-21178-civ, slip op., at *3 (S.D. Fla. Sept. 18, 2012) ("Defendants' first Rule 54(b) motion was denied without prejudice by the predecessor judge in November 2011, yet they waited another ten months to re-file it, less than two months before trial. Under such circumstances, it is a hard argument to say that there is some urgency now. The sole reason given is that collection efforts may be impeded because assets are depreciating. But, by Defendants' own admission, such depreciation allegedly began in April 2011. They fail to explain why, if this was such a concern, they waited an additional ten months to renew their motion.").

This vaguely stated risk, balanced against the judicial interests, including a risk of conflicting rulings, is insufficient to justify Rule 54(b) certification. Because the Court does not

---

"Competing Interest Defendant" in Count 14 of the Second Amended Complaint in the Utah Action is brought only by the Class II Plaintiffs. *See* Ex. A at 40-43 (listing Count 14 as a claim brought in favor of Category I and Category II Plaintiffs); *see also id.* at 43 ("Category I Plaintiffs and Category II Plaintiffs repeat and re-allege the preceding paragraphs . . .").

find that Plaintiff has sufficiently demonstrated that the instant matter is one of the "infrequent harsh case[s]," *see In re Se. Banking Corp.*, 69 F.3d 1547, that would justify an immediate appeal of this Court's order dismissing the claims asserted against Columbia, Plaintiffs' motion is denied.[2]

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entry and Certification of Final Judgment, **ECF No. [84]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 13th day of September, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record

---

[2] To the extent Plaintiffs seek clarification from this Court that "Plaintiffs did not plead and therefore did not bring their potential causes of action against Columbia Pacific for fraudulent transfers in this Court," the Court has previously noted that "Plaintiffs have failed to assert a claim of fraudulent transfer against Columbia in either their initial Complaint or Amended Complaint." Order on Motion to Amend, ECF No. [83] (citing Sept. 21, 2015 Order, ECF No. [69] at 28 ("Plaintiffs' fraudulent conveyance claim in Count VII of the [Proposed Second Amended Complaint] is asserted against only what the complaint defines as the 'Fraudulent Conveyance Defendants,' which does *not* include Columbia. Plaintiffs have themselves explicated that Columbia is *not* named in their proposed fraudulent transfer claim.")); *see also* Sept. 21, 2015 Order at 17 ("Plaintiffs may seek redress against those parties which they allege defrauded them in shielding the Foreclosure Action against them and by permitting the foreclosure judgment and sale to go forward to the detriment of their interest in the Pompano Property. But they do not allege that Columbia was part of that fraud.").